■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLARENCE HACKLEY, Appellant.— Judgment rendered March 26, 1962 convicting defendant of assault in the second degree (Penal Law, § 242) and injury to property as a misdemeanor (Penal Law § 1433) reversed on the law only, the verdict vacated, and the indictment dismissed. The assault count may stand only if the officer, Morreale, was making a lawful arrest either for assault or disorderly conduct under the law applicable in 1961. He was not, because there was no showing that defendant was guilty of aggression or excessive force in his altercation with the soldier. Indeed, nothing, except from defendant's exculpatory version, is known of the origin or course of that altercation. Hence, so far as the record proof is concerned, defendant has not been shown to have been barred from resisting the force applied by officer Morreale or that he pursued a

" counterattack merely for the sake of revenge or the infliction of needless injury." (*People* v. *Cherry*, 307 N. Y. 308, 311; accord, *People* v. *Dreares*, 15 A D 2d 204, affd. 11 N Y 2d 906; *People* v. *Massey*, 7 A D 2d 850, affd. 6 N Y 2d 893.) On the evidence defendant intended only to strike the soldier with the bottle. Hence, there was absent the intent to injure property required by the statute. Moreover, intent to injure a person, even if it were shown to be unlawful, could not satisfy the requirement that the defendant be a person who " wilfully destroys or injures any   *   *   *   property of another ". (Penal Law, § 1433; cf. *People* v. *Broady*, 5 N Y 2d 500, 506; *Wass* v. *Stephens*, 128 N. Y. 123; 54 C. J. S., Malicious Mischief, § 3; cf. *People* v. *Kane*, 131 N. Y. 111, 114–115.) Concur — Botein, P. J., Breitel, McNally and Bastow, JJ.; Steuer, J., dissents in part in the following memorandum: I agree that the conviction for malicious mischief was without basis, and that count of the indictment should be dismissed for the reasons stated in the majority memorandum. I would further agree that the conviction on the assault count should be reversed, not because the People did not prove a case but because the instructions given the jury were incorrect. I believe that a proper disposition would be a new trial. There is no doubt that the defendant assaulted the police officer. The only question is whether that assault was justified. If the arrest was illegal, the assault was not a crime. The legality of the arrest depends on what the officer saw the defendant doing. Particular reference in this connection is to the fight with the soldier. Concededly, the record does not show beyond peradventure of a doubt that defendant was at fault in that fight. But it does show enough to allow the jury to find that what the officer saw was either an attack by defendant or a counterattack after all fear from the original onset (assuming it was by defendant's adversary) had vanished. Furthermore, I do not agree that the jury could not have found that the assault on the officer went beyond resistance and was prompted by a desire to inflict injury.