Chief Judge Desmond.
Defendant, after a trial in the Criminal Court of the City of New York, was adjudged a youthful offender (followed by a 2-to-l affirmance by the Appellate Term) on a complaint charging that he and one William Cannon were guilty of ‘ ‘ Malicious Mischief in that they did unlawfully, wil-fully and intentionally while together throw iron pipe and rocks at the deponent’s parked vehicle; causing iron litter basket to strike roof of said vehicle and causing' damage of about $50.” The proof, including an admission by codefendant Cannon, shows that it was the latter and not this defendant-appellant Washington who threw the garbage can or litter basket which struck the complainant’s automobile. At the Appellate Term one of *368 the Justices dissented and voted to reverse on the authority of People v. Hackley (20 A D 2d 534 [1st Dept., 1963]). The Hack-ley decision annulled a “ malicious mischief ’ ’ conviction under section 1433 of the Penal Law on a holding of law that “ intent to injure a person, even if it were shown to be unlawful ” would not satisfy the requirement of the section: “ wilfully destroys or injures * * * property of another (People v. Callahan, 19 A D 2d 889, cert. den. 376 U. S. 966, is a similar holding in the Second Department.)
The question for us is whether we should follow People v. Hackley (supra) which seems directly in point since the testimony of the complaining witness Williams himself is that Cannon threw the trash can (and other objects) not at the car but at complainant Williams and his companions.
The-People’s testimony, taken at its worst for defendant, is that the complaining witness Williams with two passengers in his car -stopped at a corner to let one of the passengers out. Defendant Washington, codefendant Cannon and another man were standing on the corner. Defendant Washington shouted an epithet at Williams and then “ took a swing ” at Williams’ companion who had gotten out of the car and was standing nearby. Complainant Williams got out of the car on the other side. Codefendant Cannon threw the litter basket at complainant but it hit the car. Cannon and present defendant Washington began to run away, Washington threw at Williams a piece of pipe which struck the latter. Cannon and Washington threw other objects at complainant but none of these landed. Complainant Williams’ testimony is clear that nothing thrown by this defendant-appellant struck -the automobile.
Since the complaint does not specify the statute under which the charge is laid there is doubt whether it was intended to charge a violation of section 1425 (subd. 11-a) or section 1433 of the Penal Law. If it was section 1425 (subd. 11-a), then the crime was clearly not proven since that section requires that the damaging be ‘‘ With intent so to do ’ ’. Nothing in this proof would justify a fact finding that either Cannon -or Washington intended to damage the automobile. The prosecution says that the crime charged was a violation of .section 1433 of the Penal Law which penalizes a “ person who unlawfully and wilfully destroys or injures any real or personal property of another ”. *369 Assuming tliat section 1433 of the Penal Law is the applicable statute, we come to this problem: is the requirement of section 1433, that the injury to property be done ‘ ‘ unlawfully and wil-fully ”, satisfied when the showing is that the defendant did not intend the damage to the property? Is it enough that he willed the act which, although not so intended, did the damage ?
The interpretation of the statutory words “wilful” and ‘ ‘ wilfully ’ ’ has long troubled the courts and no comprehensive or all-sufficient definition is available (see People v. Broady, 5 N Y 2d 500). In its context in section 1433 the word “wil-fully ” would seem to include and require the element of intent to do the damage complained of, or at least an intent to damage property. This conclusion is validated by several considerations, among which are the long term of imprisonment when the damage amounts to more than $250 (subd. 1) and the provision that in addition to imprisonment the guilty person is liable for treble damages in a civil action (subd. 3). The Legislature probably did not intend to set such severe penalties for an act that was unintentional in the sense that the perpetrator tried to assault somebody but missed his aim and damaged valuable property. The appropriate remedy in such a situation is an ordinary civil action for damages.
There is another law question in the case. Since the proof shows that Cannon and not this defendant Washington threw the metal basket which hit the car, Washington could not be criminally liable unless there was enough proof to justify finding him an accomplice. To determine this we must see whether the evidence shows that Washington could alone be convicted for the same offense or, putting it another way, “whether he has taken a guilty part in the commission of the crime ” (People v. Kupperschmidt, 237 N. Y. 463, 465; see People v. Blank, 283 N. Y. 526). As explained above, the record shows that appellant Washington shouted and punched at one of the complainant’s companions, then Cannon threw the garbage can. It is at least doubtful whether this would make Washington an accomplice to the crime of damaging the automobile. However, since the proof is not sufficient to establish the charged offense as to either Cannon or Washington, the question of accomplice or no need not be answered.
The judgment should be reversed and the complaint dismissed.
*370 Opinion by Chief Judge Desmond. All concur, Judges Scileppi and Keating in the following memorandum: We concur for reversal solely upon the ground that the proof clearly shows Cannon alone caused the damage to the property in question. There is insufficient evidence to prove that defendant was Cannon’s accomplice. . If such proof had been present, we would vote for affirmance notwithstanding the holding in People v. Hackley (20 A D 2d 534) of which we disapprove (see Anderson v. How, 116 N. Y. 336, 341).
Judgment reversed, etc.