Memorandum. In determining whether an offense is a lesser included offense of the one charged the facts of the particular case, and not the legal abstractions, control (People v Stanfield, 36 NY2d 467; People v Johnson, 39 NY2d 364). On the facts of this case we agree that the trial court properly submitted assault in the third degree as a lesser included offense of robbery in the second degree. We find no merit to the defendant’s alternative argument that the procedure followed violates due process because it does not adequately advise a defendant of the charges actually pending against him. The details of the assault were set forth in the information and the indictment itself alleged the "physical injury”. In addition it would appear that prior to and during the course of the trial the defendant was in no way prejudiced by the submission of the lesser count to the jury.
With respect to due process the question is "whether the petitioner under the circumstances here disclosed was given reasonable notice and information of the specific charge against him and a fair hearing in open court” (Paterno v Lyons, 334 US 314, 320). Here, as in the Paterno case, "It would be exaltation of technical precision to an unwarranted degree to say that the indictment here did not inform petitioner that he was charged with substantial elements of the crime” (Paterno, supra, at p 321).
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed in a memorandum.