OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
At the suppression hearing, defendant contended only that the statements in question should be excluded because they were obtained in violation of his right to counsel and that the eyewitness identification should be excluded because it was inherently unreliable. Both of these contentions were properly rejected below. Inasmuch as defendant failed to object to the admission of this evidence on the ground that it was obtained in violation of his rights under the Fourth Amendment of the United States Constitution (see United States v Crews, 445 US 463; Dunaway v New York, 442 US 200), the questions of the propriety of defendant’s detention and the admissibility of the resulting evidence are now beyond our limited power to review (People v Martin, 50 NY2d 1029; see CPL 470.05, subd 2; 470.35, subd 1).
Nor do we find reversible error in the trial court’s refusal to submit the charge of assault in the third degree as part of its instructions to the jury. In order to be entitled to have this offense submitted, defendant was required to show both that the offense is, in fact, a lesser included offense within one of the two charged crimes and that “there is a reasonable view of the evidence which would support a finding that the defendant committed [the] lesser offense but did not commit the greater” (CPL 300.50 subds 1, 2; accord People v Greer, 42 NY2d 170,174; People v Henderson, 41 NY2d 233, 235). Although it may be true, as defendant contends, that the second prong of the statutory test is satisfied in his case, defendant was nonetheless not entitled to have assault in the third degree submitted to the jury as a “lesser included offense”, since that crime is simply not a “lesser included offense” of the two crimes with which he was charged.
The term “lesser included offense” is defined in CPL 1.20 (subd 37) as follows: “When it is impossible to com *923 mit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a ‘lesser included offense’ Here, as the case was submitted to the jury, defendant was charged only with robbery in the second degree (Penal Law, § 160.10, subds 1, 2, par [a]) and felony assault (Penal Law, § 120.05, subd 6). As is evident from the language of the applicable statutes, defendant could have committed either of these crimes even if he did not act recklessly or with the specific intent to cause physical injury.[1] The crime of assault in the third degree, in contrast, is committed only when the defendant acts recklessly or with specific intent in causing the alleged injury.[2] It is therefore possible to commit both the crime of robbery in the second degree and the crime of felony assault without concomitantly committing assault in the third degree, and, consequently, assault in the third degree is not a “lesser included offense” of either robbery or felony assault.[3] For this reason, CPL 300.50 (subds 1, 2) did not *924 mandate submission of assault in the third degree to the jury, notwithstanding that there might have been a reasonable view of the evidence which would support a finding that defendant committed that crime, but did not commit the greater crimes of robbery in the second degree and felony assault.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed in a memorandum.

. Section 160.10 of the Penal Law, insofar as it pertains to this case, defines robbery in the second degree as follows:
“A person is guilty of robbery in the second degree when he forcibly steals property and when:
“1. He is aided by another person actually present; or
“2. In the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime:
“(a) Causes physical injury to any person who is not a participant in the crime”.
Felony assault is defined in subdivision 6 of section 120.05 of the Penal Law as follows:
“A person is guilty of assault in the second degree when: * * *
“6. In the course of and in furtherance of the commission or attempted commission of a felony * * * or of immediate flight therefrom, he, or another participant if there be any, causes physical injury to a person other than one of the participants”.

. Section 120.00 of the Penal Law insofar as it pertains to this case provides as follows:
“A person is guilty of assault in the third degree when:
“1. With intent to cause physical injury to another person, he causes such injury to such person or to a third person; or
“2. He recklessly causes physical injury to another person”.

. We recognize that in People v Lett (39 NY2d 966), a case which presented facts similar to those presented here, we held that the crime of assault in the third degree was properly submitted to the jury as a “lesser included offense” of the crime of robbery in the second degree (accord People v Warren, 43'NY2d *924 852). The holdings in Lett and Warren, however, both rested solely upon the premise that a reasonable view of the evidence would support a finding that defendant committed an assault but not a robbery. Inasmuch as neither the Lett nor the Warren decision appears to give adequate consideration to the first criterion established in CPL 300.50 (subd 1) — whether it was impossible to commit the robbery without concomitantly committing the assault — their holdings cannot be considered accurate indications of the law in this area.