■ THE PEOPLE OF THE STATE OF NEW YORK, v JOHN BRYANT. — Motion for reargument granted only to the extent of recalling the order of this court entered on June 18, 1981 (82 AD2d 758) and resettling the order. The memorandum decision filed with said order is recalled and the following memorandum decision substituted therefor: Judgment, Supreme Court, Bronx County (Mazur, J.), rendered October 5, 1979, convicting defendant-appellant of an attempt to commit grand larceny in the second degree, assault in the second degree and criminal mischief in the fourth degree, and sentencing him to three concurrent terms of one year each, unanimously modified, on the law, by reversing so much thereof as convicts defendant of an attempt to commit grand larceny in the second degree and criminal mischief in the fourth degree, and dismissing the second and fourth counts of the indictment and vacating defendant's conviction for assault in the second degree under the third count of the indictment and convicting him under said third count for assault in the third degree, and otherwise affirmed. At about 3:30 A.M. on November 16, 1978, the complaining witness, one "Lyles", a limousine driver, received a call from his dispatcher to pick up a Mr. Butler. He drove to the designated location, where the defendant identified himself as Butler and entered the automobile. Lyles requested payment of the fare in advance, in accordance with the limousine company custom. The defendant told him to "go ahead and drive" while he looked for the money. After about two blocks, Lyles stopped and again requested payment. The defendant told him to "take me to the base", i.e., the limousine dispatch point. Lyles refused, removed his key and key case (containing $75) from the ignition and left the car. Holding the key case in his hand, he opened the rear door and asked defendant to leave or he would call the police. The defendant got out and Lyles closed the rear door. As he turned to enter the front seat, the defendant seized him by the collar from behind and punched him. Lyles, still holding the key case, turned and began to fight back, but fell. Defendant kicked him about the eye and his glasses were broken. His eye was bloodied and became swollen. The defendant grabbed Lyles by the collar and dragged him to the curb. Defendant then picked up the key case that Lyles had dropped and started to enter the vehicle. Just at that moment a police car pulled up, the officers having seen the two men fighting. Lyles yelled out, "grab him, he robbed me." The defendant ran from the car, and the officers pursued him into an apartment building, where he was arrested. The keys to the automobile were recovered from his person. Lyles suffered a bruise above his bloodshot eye. The court, in a Bench verdict, acquitted the defendant of robbery in the second degree (Count No. 1) and of attempted robbery in the second degree (Count No. 2). It convicted him, under Count No. 2, of attempted grand larceny in the second degree, as a "lesser included offense", and of assault in the second degree (Count No. 3) and criminal mischief in the fourth degree (Count No. 4). Under any count of an indictment, a defendant may be convicted only of the crime charged therein, or of a lesser included offense. "When it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a 'lesser included offense'" (CPL 1.20, subd 37). Whenever the lesser crime requires proof of an element not required by the greater crime, there is no inclusion (*People v Acevedo,* 40 NY2d 701, 706). The second count of this indictment charged attempted robbery in the second degree. Appellant was acquitted of that charge but was convicted of

attempted grand larceny in the second degree, as a lesser included offense. However, grand larceny in the second degree (Penal Law, § 155.35) contains an element not contained in robbery in the second degree, i.e., the value of the property stolen must exceed $1,500 in value. As no proof of value is required for robbery in any of its degrees, it is possible to commit robbery without also committing grand larceny in the second degree. The latter therefore is not a lesser included offense of the former. It follows that because the defendant was not properly convicted of a lesser included felony under Count No. 2 of the indictment and, since no proof of the value of the property he was alleged to have attempted to steal (the automobile) was presented, there was insufficient proof of the commission of a felony upon which a felony assault conviction under Count No. 3 could be based, and that conviction was also improper. However, the proof under the third count did constitute the crime of assault in the third degree, a lesser included offense of assault in the second degree, since the evidence supports the trial court's determination that defendant intentionally caused *physical injury* to another person (Penal Law, § 120.00, subd 1; § 10.00, subd 9). That proof did not constitute reckless endangerment in the second degree as a lesser included offense, as that requires proof of (1) reckless conduct which (2) creates a substantial risk of *serious* physical injury, neither of which is an element of felony assault in the second degree. The defendant was further convicted of criminal mischief in the fourth degree, upon the theory that he intentionally damaged Lyles' eyeglasses. The evidence however reveals no such specific intent directed toward the eyeglasses, but only toward Lyles himself. Resettled order signed and filed. Concur — Murphy, P. J., Kupferman, Birns, Carro and Lynch, JJ. [85 AD2d 575.]