*710 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and the indictment dismissed.
Defendant was charged, together with a codefendant, with two counts of attempted murder in the second degree, one count of assault in the first degree, and three counts of criminal possession of a weapon. At the close of the People’s case, the Trial Judge reduced one of the attempted murder counts to reckless endangerment in the first degree, having found the evidence insufficient to establish the element of intent to kill, and dismissed the remaining counts of the indictment. The Appellate Division affirmed defendant’s conviction over a challenge that the conviction for reckless endangerment was improper because that crime does not meet the statutory definition of lesser included offense with respect to the crime of attempted murder in the second degree (Penal Law, §§ 110.00,125.25, subd 1).
CPL 1.20 (subd 37) defines the term “lesser included offense” as follows: “When it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a lesser included offense.’” The plain meaning of this statute is clear — that is, that one crime cannot be a lesser included offense of another if it is theoretically possible to commit the greater crime without concomitantly committing the lesser. This interpretation of the statute was recently expressed in People v Miguel (53 NY2d 920), where it was held that assault in the third degree is not a lesser included offense of either robbery or felony assault. As the Appellate Division noted in the present case, it is theoretically possible to commit the greater crime of attempted murder in the second degree (Penal Law, §§ 110.00,125.25, subd 1) without also committing the lesser crime of reckless endangerment in the first degree (Penal Law, § 120.25) since, if the attempt is rendered innocuous by some circumstance of factual impossibility, no grave risk of death to another person is created, as is required for the crime of reckless endangerment in the first degree. Accordingly, the crime'of *711 reckless endangerment in the first degree (Penal Law, § 120.25) is not a lesser included offense of attempted murder in the second degree (Penal Law, §§ 110.00,125.25, subd 1).
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order reversed, etc.