■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BRYANT, Appellant. — Motion for reargument granted, and, upon reargument, the resettled order of this court entered on October 6, 1981, and the memorandum decision of this court filed therewith (84 AD2d 506) are recalled and vacated and a new order and an opinion *Per Curiam* substituted therefor.

*Per Curiam:*

At about 3:30 A.M. on November 16, 1978, the complaining witness, one "Lyles", a limousine driver, received a call from his dispatcher to pick up a Mr. Butler. He drove to the designated location, where the defendant identified himself as Butler and entered the automobile. Lyles requested payment of the fare in advance, in accordance with the limousine company custom. The defendant told him to "go ahead and drive" while he looked for the money. After about two blocks, Lyles stopped and again requested payment. The defendant told him to "take me to the base", i.e., the limousine dispatch point. Lyles refused, removed his key and key case (containing $75) from the ignition and left the car. Holding the key case in his hand, he opened the rear door and asked defendant to leave or he would call the police. The defendant got out and Lyles closed the rear door. As he turned to enter the front seat, the defendant seized him by the collar from behind and punched him. Lyles, still holding the key case, turned and began to fight back, but fell. Defendant kicked him about the eye and his glasses were broken. His eye was bloodied and became swollen. The defendant grabbed Lyles by the collar and dragged him to the curb. Defendant then picked up the key case that Lyles had dropped and started to enter the vehicle. Just at that moment a police car pulled up, the officers having seen the two men fighting. Lyles yelled out, "grab him, he robbed me." The defendant ran from the car, and the officers pursued him into an apartment building, where he was arrested. The keys to the automobile were recovered from his person. Lyles suffered a bruise above his bloodshot eye.

The court, in a Bench verdict, acquitted the defendant of robbery in the second degree (Count No. 1) and of attempted robbery in the second degree (Count No. 2). It convicted him, under Count No. 2, of attempted grand larceny in the second degree, as a "lesser included offense", and of assault in the second degree (Count No. 3) and criminal mischief in the fourth degree (Count No. 4).

Under any count of an indictment, a defendant may be convicted only of the crime charged therein, or of a lesser included offense. "When it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a 'lesser included offense'" (CPL 1.20, subd 37). Whenever the lesser crime requires proof of an element not required by the greater crime, there is no inclusion (*People v Acevedo,* 40 NY2d 701).

The second count of this indictment charged attempted robbery in the second degree. Appellant was acquitted of that charge but was convicted of attempted grand larceny in the second degree, as a lesser included offense. However, grand larceny in the second degree (Penal Law, § 155.35) contains an element not contained in robbery in the second degree, i.e., the value of the property stolen must exceed $1,500 in value. As no proof of value is required for robbery in any of its degrees, it is possible to commit robbery without also committing grand larceny in the second degree. The latter, therefore, is not a lesser included offense of the former.

It follows that since the defendant was not properly convicted of a lesser included felony under Count No. 2 of the indictment and, since no proof of the value of the property he was alleged to have attempted to steal (the automobile) was presented, there was insufficient proof of the commission of a felony upon which a felony assault conviction under Count No. 3 could be based, and that conviction was also improper.

Likewise, the defendant could not be convicted of reckless endangerment in the second degree (Penal Law, § 120.20) since it is not a "lesser included offense" of felony assault. Reckless endangerment in the second degree requires proof of (1) reckless conduct which (2) creates a substantial risk of "serious physical injury". Neither of these elements is an element of the felony assault statute.

The defendant was further convicted of criminal mischief in the fourth degree, upon the theory that he intentionally damaged Lyles' eyeglasses. The evidence, however, reveals no such specific intent directed toward the eyeglasses, but only toward Lyles himself.

In *People v Miguel* (53 NY2d 920, 923), the Court of Appeals held that assault in the third degree (Penal Law, § 120.00, subd 1) is not, as a matter of law, a "lesser included offense" of felony assault. Under constraint of *Miguel,* we must find that the defendant cannot be held guilty of assault in the third degree under the third count. Nonetheless, we must respectfully express our reservations in this matter.

The felony assault statute reads as follows (Penal Law, § 120.05, subd 6): "A person is guilty of assault in the second degree when * * * 6. In the course of and in furtherance of the commission or attempted commission of a felony, other than a felony defined in article one hundred thirty which requires corroboration for conviction, or of immediate flight therefrom, he, or another participant if there be any, causes physical injury to a person other than one of the participants".

The phrase "[i]n the course of and in furtherance of" is also found in the felony murder statute, which, in pertinent part, reads as follows (Penal Law, § 125.25, subd 3): "A person is guilty of murder in the second degree when * * * 3. Acting either alone or with one or more other persons, he commits or attempts to commit robbery, burglary, kidnapping, arson, rape in the first degree, sodomy in the first degree, sexual abuse in the first degree, escape in the first degree, or escape in the second degree, and, in the course of and in furtherance of such crime or of immediate flight therefrom, he, or another participant, if there be any, causes the death of a person other than one of the participants".

In discussing the felony murder statute, the Court of Appeals has stated (*People v Gladman,* 41 NY2d 123, 125): "By operation of law, the intent necessary to sustain a murder conviction is inferred from the intent to commit a specific, serious, felonious act, even though the defendant, in truth, may not have intended to kill." In a later case, the court stated (*People v Berzups,* 49 NY2d 417, 427): "In contrast to the usual lesser included offense situation, in felony murder the underlying felony is not so much an element of the crime but instead functions as a replacement for the *mens rea* or intent necessary for common-law murder".

The Court of Appeals reasoning in *Gladman* and *Berzups* would seem to be controlling in this case. Under the felony assault statute (Penal Law, § 120.05, subd 6), it must be inferred, as a matter of law, that a person act* with specific "intent" to assault another person from the very fact that the assault is, by statutory definition, committed "[i]n the course of and in furtherance" of the underlying felony. Consequently, the "intent" element of assault in the third degree (Penal Law, § 120.00, subd 1) is necessarily encompassed by the statutory definition of felony assault.

In finding the defendant guilty of felony assault, the trial court necessarily found the defendant intended to cause physical injury to the complainant in violation of subdivision 1 of section 120.00 of the Penal Law. Since the evidence at trial supports the trial court's implicit determination that defen-

dant committed assault in the third degree, we would continue to find defendant guilty of that crime, but for the controlling force of *People v Miguel* (*supra*).

Accordingly, the judgment of the Supreme Court, Bronx County (Mazur, J.), rendered October 5, 1979, convicting defendant of an attempt to commit grand larceny in the second degree, assault in the second degree, and criminal mischief in the fourth degree, and sentencing him to three concurrent terms of one year each, should be reversed, on the law, and the indictment should be dismissed.

Concur — Murphy, P. J., Kupferman, Birns, Carro and Lynch, JJ.

Judgment, Supreme Court, Bronx County rendered on October 5, 1979, unanimously reversed, on the law, and the indictment dismissed.