Gabrielli, J.
(dissenting). Because I believe the result reached by the majority in this case represents a departure from the strict approach we have recently taken to the proper definition of a “lesser included offense”, I must dissent.
It now appears to be settled that, in order to have a “lesser included offense” submitted to the jury as an alternative charge to a greater offense, two showings must be made. First, it must be shown that the particular offense meets the definition of a “lesser included offense” contained in CPL 1.20 (subd 37). Secondly, there must be a reasonable view of the evidence to support a finding that the defendant committed the lesser offense rather than the greater offense (CPL 300.50).
It is the first requirement that has given the courts trouble and which is the focal point of this appeal. “Lesser included offense” is defined in the Criminal Procedure Law in the following manner: “When it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a lesser included offense’ ” (CPL 1.20, subd 37). At one time, this court approached the interpretation of this definition by taking into consideration the facts of the particular case (People v Cionek, 35 NY2d 924; People v Hayes, 35 NY2d 907, affg on opn below 43 AD2d 99). We have, however, recently abandoned that approach in favor of one which abides by a literal reading of the statutory definition. Thus, in order to satisfy the first requirement of CPL 300.50 — that the offense sought to be charged is indeed a “lesser included offense” — it must be shown that it is theoretically impossible to commit the greater offense without concomitantly *437 committing the lesser. If, under every set of circumstances, commission of the greater offense necessarily involves commission of the lesser, the latter is to be considered a “lesser included offense”.
Using this interpretation of the term “lesser included offense”, we recently held, in People v Miguel (53 NY2d 920), that the crime of assault in the third degree (Penal Law, § 120.00), requiring either that defendant intentionally or recklessly cause physical injury, is not a “lesser included offense” of either the crime of robbery in the second degree (Penal Law, § 160.10, subds 1, 2, par [a]) or felony assault (Penal Law, § 120.05, subd 6). Because it is possible to commit either of the two greater offenses charged without concomitantly committing assault in the third degree, the latter crimes is not a “lesser included offense”, notwithstanding that, on the facts of the particular case, it may have been true that commission of the greater offense included commission of the lesser.
Similarly, in People v Ramirez (55 NY2d 708), we held that reckless endangerment in the first degree (Penal Law, § 120.25) is not a “lesser included offense” of attempted murder in the second degree (Penal Law, §§ 110.00,125.25, subd 1), because the crime of reckless endangerment requires that a grave risk of death be created by defendant’s conduct, which is not required for the crime of attempted murder. This is so, even though in many cases, an attempt to commit murder will involve the creation of a grave risk of death. However, there remains the theoretical possibility that an attempt to commit murder, rendered innocuous by some circumstances of factual impossibility, will not create a grave risk of death to another person. It is this possibility that the greater offense might, under a given set of circumstances, be committed without also committing the lesser offense, that precludes the lesser offense from being considered a “lesser included offense”.
Finally, in the case decided simultaneously with the present case, we have reaffirmed our strict interpretation of what constitutes a “lesser included offense”. In People v Glover (57 NY2d 61), we held that criminal facilitation in the second degree (Penal Law, § 115.05) is not a “lesser included offense” of the crime of criminal sale of a con *438 trolled substance in the second degree (Penal Law, § 220.41, subd 1), because theoretically it is possible to effectuate a criminal sale of a controlled substance without concomitantly intending to aid another to commit a class A felony.
Although the court now appears committed to this approach, the majority nevertheless has concluded that an entirely different approach is warranted in cases where the only difference between the charged crime and the crime of lesser grade is the mental state with which the crime is committed. In so doing, the majority relies upon cases such as People v Stanfield (36 NY2d 467), whose rationale I firmly believe has been overruled by our recent cases on this point.
In People v Stanfield (supra), the court articulated a rule to the effect that where the result and the underlying conduct of two crimes are the same, the only difference being the mental element, the lesser of the two crimes is to be considered a “lesser included” of the greater. On the facts of Stanfield, this rule resulted in a holding that the crime of criminally negligent homicide (Penal Law, § 125.10) is a “lesser included offense” of the crime of manslaughter in the second degree (Penal Law, § 125.15, subd 1). Later cases adopted the view that where the crimes involve the same conduct and result, but contemplate a differing mental element, a crime involving reckless conduct may properly be considered a “lesser included offense” of a crime involving intentional conduct (see, e.g., People v Tai, 39 NY2d 894; People v Murray, 40 NY2d 327).
Clearly then, this court has, in the past, adhered to the theory expressed by the majority today that the varying mental states exist along a continuum and that the lesser forms of mental culpability are necessarily included within the higher forms. My disagreement with the majority lies in my belief that the rationale underlying that theory is no longer a plausible one, in view of the recent decisions of this court.* That the strict interpretation of “lesser in- *439 eluded offense” adopted in Miguel and followed in Ramirez and Glover precludes continued adherence to the “continuum of mental state” approach is clear.
It bears repeating that this recent authority establishes the principle that an offense is a “lesser included offense” only if it is theoretically impossible, under every set of circumstances, to commit the greater offense without concomitantly committing the lesser. An examination of the definitions of the various culpable mental states contained in the Penal Law demonstrates the difficulty with the majority’s theory. A person acts “intentionally” when his conscious objective is to cause a particular result or engage in particular conduct (Penal Law, § 15.05, subd 1); he acts “recklessly” when he is aware of and consciously disregards a substantial and unjustifiable risk that a particular result will occur (Penal Law, § 15.05, subd 3); and one acts with criminal negligence when he fails to perceive a substantial and unjustifiable risk that a particular result will occur (Penal Law, § 15.05, subd 4). Although I agree with the majority that, in reality, there may be but shades of difference between these mental states on the facts of a given case, nevertheless, the theoretical possibility of committing a crime of intent without at the same time committing a crime of recklessness or criminal negligence does exist. Indeed, these mental states are mutually exclusive in the sense that the existence of one mental state on the part of a given actor precludes the existence of all others. One who acts intentionally, that is, with specific intent to bring about a particular result, cannot, at the same time, have acted merely in conscious disregard of a substantial risk. More obviously, one cannot act in conscious disregard of a substantial risk and at the same time fail to perceive that risk. Practical difficulties in terms of the nature of proof and the varying inferences that might be drawn from it do not justify a departure from the clear statutory language. And while I can sympathize with the desire for greater flexibility in this area, I believe the adoption of such an approach is, at this point, a matter of legislative concern.
Accordingly, I dissent and vote to affirm the order of the Appellate Division.
*440 Chief Judge Cooke and Judges Jasen, Jones and Fuchs-berg concur with Judge Meyer; Judge Gabrielli dissents and votes to affirm in a separate opinion in which Judge Wachtler concurs.
Order reversed, etc.

 What the majority terms a “fallacy” in this regard, of course, represents nothing more than the point at which our respective opinions diverge. I see no “fallacy” in adhering to recent precedent of this court and in recognizing that it has undermined the rationale, if not the letter, of prior precedent.