■ In the Matter of DANIEL K., a Person Alleged to be a Juvenile Delinquent, Appellant. — Appeal from a judgment of the Family Court of Tompkins County (Barrett, J.), entered July 22, 1981, whch adjudicated appellant to be a juvenile delinquent and imposed sentence. On July 22, 1981, after a fact-

finding and dispositional hearing, the court found Daniel K. to be a juvenile delinquent on the ground that while under 16 years of age, he committed an act which if done by an adult would constitute the crime of criminal mischief in the third degree, and further ordered that judgment be suspended for one year upon the condition restitution be made in that period of time. This appeal ensued. The petition alleges that appellant, aged 15, was guilty of criminal mischief in the third degree when "on the 1st floor of the Tompkins County Court House, respondent did intentionally damage a marble banister and pillar by striking the same with a large metal sign holder, causing damage in the amount of $1,471, said property belonging to the County of Tompkins". It is undisputed that while outside the courthouse en route to the probation department, he was accosted by some boys who pursued him into the building. Inside, he picked up the metal sign holder to throw it at the boys but while in the act of swinging it like an axe, it struck the floor bouncing up and striking the banister. Section 145.05 of the Penal Law states that a person commits criminal mischief in the third degree when "with intent to damage property of another person * * * he damages property * * * in an amount exceeding two hundred fifty dollars". We find this record clearly lacking in any evidence to prove that appellant intended to damage property; rather it indicates only that he sought to defend himself from the pursuing boys. Intent to injure a person, even if it were shown to be unlawful, cannot satisfy the *mens rea* requirement that a defendant be a person who willfully destroys or injures property of another (*People v Hackley,* 20 AD2d 534, 535). "In New York, the prosecution is at all times required to prove, beyond a reasonable doubt, the facts bearing the defendant's intent" (*People v Patterson,* 39 NY2d 288, 302). The Trial Judge here found "that he did pick up the sign, throwing it, intending as he said to hit or deter the other boys who had followed him into the courthouse". Further, "that the damage that was caused was a reasonable consequence of his intentionally picking up the sign and swinging it, although he may not have intended specifically to cause the damage". In *People v Washington* (18 NY2d 366, 369), wherein a strikingly similar factual pattern was presented, Chief Judge Desmond wrote, "the word 'wilfully' would seem to include and require the element of intent to do the damage complained of, or at least an intent to damage property * * *. The Legislature probably did not intend to set such severe penalties for an act that was unintentional in the sense that the perpetrator tried to assault somebody but missed his aim and damaged valuable property. The appropriate remedy in such a situation is an ordinary civil action for damages." In short, absent the necessary element of intent to damage the banister, there is no basis upon which the instant juvenile delinquency adjudication may stand. Accordingly, the adjudication should be reversed and the petition dismissed. Judgment reversed, on the law, and petition dismissed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.