## (December 23, 1982)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM L. LUTHER, II, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered April 18, 1980, upon a verdict convicting defendant of the crime of criminal facilitation in the second degree. Defendant was charged in a one-count indictment with criminal sale of a controlled substance in the third degree, a class A-III felony. The alleged transaction occurred on August 22, 1979, in the City of Albany, when, at the request of a friend and coemployee, defendant obtained a quantity of cocaine from a third party and sold it for $295 to an undercover police officer produced by his friend and coemployee who was, in fact, a private investigator. At trial, defendant interposed, among other things, the defense of agency. In its charge to the jury, the court included, as lesser included offenses, the crimes of criminal facilita-

tion in the second degree, a class C felony and, without objection, criminal possession of a controlled substance in the seventh degree, a class A misdemeanor. The jury found defendant guilty of the facilitation charge, but acquitted him of the charge of selling. In accordance with the court's instructions, it did not reach consideration of the charge of possession (CPL 300.50, subd 4). The only issue on this appeal is whether it was error for the court to charge criminal facilitation in the second degree as a lesser included offense in the one-count indictment of criminal sale in the third degree. Clearly it was reversible error to so charge (*People v Glover*, 57 NY2d 61; *People v Ramirez*, 55 NY2d 708; *People v Miguel*, 53 NY2d 920). The Court of Appeals has recently abandoned its interpretation of the definition of a "lesser included offense" (CPL 1.20, subd 37) from consideration of the facts of the particular case (*People v Cionek*, 35 NY2d 924), to a literal reading of the statute requiring that it must be shown that it is "theoretically" impossible to commit the greater offense without concomitantly committing the lesser (*People v Glover, supra*). Obviously, criminal facilitation in the second degree is not a "lesser included offense" of the crime of criminal sale of a controlled substance in the third degree because, theoretically, it is possible to sell drugs without concomitantly intending to aid another person in committing a class A felony. However, criminal possession of a controlled substance is a lesser included offense under this indictment, and, accordingly, was properly charged.[*] The verdict returned did not act as an acquittal of the lesser offense submitted (*People v Green*, 56 NY2d 427) and, since the trial evidence provided proof beyond a reasonable doubt of the commission of the crime of criminal possession of a controlled substance in the seventh degree, the judgment should be modified to one of conviction for the lesser included offense which was legally established (CPL 470.15, subd 2, par [a]; 470.20, subd 4; *People v Dlugash*, 41 NY2d 725). Judgment modified, on the law, by reducing the conviction to one of criminal possession of a controlled substance in the seventh degree, and, as so modified, affirmed, and matter remitted to the County Court of Albany County for resentencing. Mahoney, P. J., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.

---

* "Possess" means to have physical possession or otherwise to exercise dominion or control over tangible property (Penal Law, § 10.00, subd 8).