Kane, J.
Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered August 20, 2001, which revoked defendant’s probation and imposed a sentence of time served.
In February 2000, the probation department filed a violation of probation petition alleging, among other things, that defendant failed to report to his probation officer on four specific occasions. That petition was subsequently withdrawn.
The probation department filed a second violation petition in March 2001 alleging, among other things, that defendant failed to report to his probation officer on the four occasions listed in the February 2000 petition. Defense counsel unsuccessfully sought to dismiss, on double jeopardy and due process grounds, *712 the portions of the second petition which had been included in the first petition. At the conclusion of a hearing, County Court found that defendant violated his probation by unjustifiably failing to report to his probation officer on two of the occasions alleged. At sentencing, County Court terminated defendant’s probation and sentenced him to time served. Defendant’s challenge to the revocation of his probation is unavailing.
Defendant claims that his right to a prompt hearing pursuant to CPL 410.70 (1) was violated by the passage of more than 16 months between the filing of the first violation petition and the hearing on the second petition. As the statutory prompt hearing ground was not raised before County Court, it is not preserved for our review (see People v Miguel, 53 NY2d 920, 922 [1981]; People v Martin, 50 NY2d 1029, 1031 [1980]).
The probation violations were proven by a preponderance of the evidence (see CPL 410.70 [3]; People v Costanza, 281 AD2d 120, 124 [2001], lv denied 96 NY2d,827 [2001]). County Court properly determined that the People met their burden of proving defendant’s violation of probation by his unexcused failure to report on two specific occasions. The burden of proving a justifiable excuse for a probation violation rests with the probationer (see People v Costanza, supra at 123). Defendant’s testimony boiled down to his admission that his appointments “just slipped my mind.” Merely forgetting appointments with a probation officer because of other responsibilities in life is insufficient justification. Since defendant failed to meet his burden, the violation was properly established.
Cardona, P.J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.