■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY STEVENS, Appellant. [811 NYS2d 84]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Weber, J.), rendered October 6, 1999, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the evidence, viewed in the light most favorable to the prosecution, was legally sufficient to prove beyond a reasonable doubt that he entered the decedent's home unlawfully and with the intent to commit a crime (*see People v Contes*, 60 NY2d 620 [1983]). As the People correctly contend, entry accomplished through trick or misrepresentation is sufficient to demonstrate that a person entered or remained unlawfully (*see People v Harrison*, 151 AD2d 778 [1989]) and, "[t]he intent to commit a crime may be implied by the act itself, or it may be established by the defendant's conduct and the surrounding circumstances" (*People v McGee*, 204 AD2d 353, 354 [1994]; *see People v Douglas*, 291 AD2d 455 [2002]).

In his statement to the police, the defendant admitted that he approached the decedent to offer home repair services, that the decedent asked him to clean his roof, that he was invited into the decedent's house after asking for a glass of water, that he pushed the decedent down his basement stairs, and that he then searched through the house for money.

Evidence of a similar crime, for which the defendant pleaded guilty to burglary in the first degree, was admitted to prove the defendant's modus operandi and identity. The evidence in that case established that the victim was an 84-year-old woman, that the defendant gained access to her home after offering home repairs, that he was given a glass of water, and that he pushed the victim down her basement stairs.

Therefore, the jury could have rationally concluded that the defendant entered the decedent's home through a trick or misrepresentation and that he did so with the intent to rob him (*see People v McCarthy*, 293 AD2d 490 [2002]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Schmidt, J.P., Krausman, Luciano and Mastro, JJ., concur.