The People of the State of New York, Respondent, 
against
Emilio Toro, Appellant.




New York City Legal Aid Society (Tomoeh Murakami Tse of counsel), for appellant.
Richmond County District Attorney (Morrie I. Kleinbart and Alexander Fumelli of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Richmond County (Raymond Rodriguez, J.), rendered October 19, 2015. The judgment convicted defendant, upon his plea of guilty, of criminal mischief in the fourth degree and imposed sentence.




ORDERED that the judgment of conviction is reversed, on the law, and, as a matter of discretion in the interest of justice, the accusatory instrument is dismissed.
Defendant was charged with criminal mischief in the fourth degree (Penal Law § 145.00 [1]) and harassment in the second degree (Penal Law § 240.26 [1]). The accusatory instrument alleged that defendant had slapped the complainant in the face, causing her annoyance and alarm, and to fear for her physical safety, as a result of which the complainant's cell phone had dropped to the floor and its screen had shattered. After waiving prosecution by information, defendant pleaded guilty to criminal mischief in the fourth degree in satisfaction of the entire accusatory instrument and was sentenced to 20 days' imprisonment. On appeal, defendant challenges the facial sufficiency of the count to which he pleaded guilty, contending that the accusatory instrument failed to allege that he had intended to damage the complainant's cell phone.
Since defendant expressly waived prosecution by information, the accusatory instrument's legal sufficiency must be evaluated under the standards which govern that of a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 524 [2014]), which is sufficient on its face when it alleges facts of an evidentiary character supporting or tending to support the charge (see CPL 100.15 [3]) and provides reasonable cause to believe that the defendant committed the crime charged (see CPL 100.40 [4] [b]; People v Dumas, 68 NY2d 729, 731 [1986]). The facial insufficiency of an accusatory instrument constitutes a jurisdictional defect which is not forfeited by a defendant's guilty plea (see People v Dreyden, 15 NY3d 100, 103 [2010]; People v Lucas, 11 NY3d 218, 220 [2008]; People v Konieczny, 2 NY3d 569, 573 [2004]). Nonetheless, so long as the factual allegations of an accusatory instrument provide an accused notice sufficient to [*2]prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading (see Dreyden, 15 NY3d at 103; Kalin, 12 NY3d at 231-232; Konieczny, 2 NY3d at 576; People v Casey, 95 NY2d 354, 360 [2000]). We note that we must review the facial sufficiency of only the count challenged, to which defendant pleaded guilty (see People v Dumay, 23 NY3d 518 [2014]; People v Washington, 50 Misc 3d 89 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; but see People v Lamb, 49 Misc 3d 135[A], 2015 NY Slip Op 51483[U] [App Term, 1st Dept 2015], lv denied 26 NY3d 1089 [2015]; People v Lineberger, 46 Misc 3d 152[A], 2015 NY Slip Op 50335[U] [App Term, 1st Dept 2015], lv denied 27 NY3d 1001 [2016]; People v Acevedo, 46 Misc 3d 150[A], 2015 NY Slip Op 50288[U] [App Term, 1st Dept 2015], lv denied 26 NY3d 1142 [2016]).
Pursuant to Penal Law § 145.00 (1), "a person is guilty of criminal mischief in the fourth degree when, having no right to do so nor any reasonable ground to believe that he or she has such right, he or she ... [i]ntentionally damages property of another person." Thus, to violate Penal Law § 145.00 (1), the defendant must possess a specific intent to damage the property of another person (see People v Roberts, 140 AD2d 961 [1988]; People v Summer, 64 AD2d 658 [1978]). Pursuant to Penal Law § 15.05 (1), "[a] person acts intentionally with respect to a result or to conduct described by a statute defining an offense when his conscious objective is to cause such result or to engage in such conduct." Consequently, unintended property damage generally does not constitute a violation of Penal Law § 145.00 (1) (see People v Washington, 18 NY2d 366 [1966]; People v Clark, 19 Misc 3d 134[A], 2008 NY Slip Op 50698[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]). Furthermore, an intent to injure a person does not satisfy the mens rea requirement of intent to damage property simply because property is damaged in the course of the attack (see Washington, 18 NY2d at 368; Roberts, 140 AD2d at 961; Matter of Daniel K., 89 AD2d 630 [1982]; People v Bryant, 85 AD2d 575 [1981]).
As correctly conceded by the People, based upon the factual allegations contained in the complaint, it is clear that defendant's intent was to injure the complainant, not to damage her phone. While it is the general rule that the requisite mental state may be alleged on the basis of a logical implication of the act itself or upon the surrounding circumstances (see People v Bracey, 41 NY2d 296, 301 [1977]; People v Stevens, 26 AD3d 396 [2006]; People v McGee, 204 AD2d 353 [1994]), here, there were no factual allegations from which it can even be inferred that defendant's conscious objective was to damage the complainant's phone. Thus, the mens rea requirement of intent for establishing a violation of Penal Law § 145.00 (1) was not sufficiently pleaded. Consequently, even when the complaint is given "a fair and not overly restrictive or technical reading" (Casey, 95 NY2d at 360), the count charging defendant with criminal mischief in the fourth degree was facially insufficient, since it failed to allege "facts of an evidentiary character" (CPL 100.15 [3]) supporting or tending to support that charge or demonstrating "reasonable cause" (CPL 100.40 [4] [b]) to believe that defendant had committed that offense (see Clark, 19 Misc 3d 134[A], 2008 NY Slip Op 50698[U]; People v Turenne, 49 Misc 3d 1203[A], 2015 NY Slip Op 51364[U] [Glens Falls City Ct, Warren County 2015]; People v Taylor-Atkins, 42 Misc 3d 1214[A], 2014 NY Slip Op 50040[U] [Crim Ct, NY County 2014]).
There would be little penological purpose in remitting the case for further proceedings on the remaining count of the accusatory instrument, harassment in the second degree (see CPL [*3]470.55 [2]), since that count is a violation and defendant has already served a 20-day jail sentence (see People v Scott, 46 Misc 3d 143[A], 2015 NY Slip Op 501987[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Therefore, as a matter of discretion in the interest of justice, we dismiss the entire accusatory instrument (see People v Hightower, 18 NY3d 249 [2011]; Dreyden, 15 NY3d 100; but see Lamb, 49 Misc 3d 135[A], 2015 NY Slip Op 51483[U]).
Accordingly, the judgment of conviction is reversed and the accusatory instrument is dismissed.
ALIOTTA, J.P., PESCE and WESTON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 29, 2018