The People of the State of New York, Respondent,
against
Poorandath Ali, Appellant.




Appellate Advocates (Golnaz Fakhimi of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Roth E. Ross and Daniel Berman of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Joanne D. Quiñones, J.), rendered December 22, 2015. The judgment convicted defendant, after a nonjury trial, of attempted criminal contempt in the second degree.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged in an accusatory instrument with criminal contempt in the second degree (Penal Law § 215.50 [3]), based on an allegation that, on May 4, 2015, defendant had been observed standing "directly across the street from" the residence of the complainant's daughter, in violation of an order of protection which was in effect on that date. The charge was later reduced to attempted criminal contempt in the second degree (Penal Law §§ 110.00, 215.50 [3]). Following a nonjury trial, defendant was convicted of the charge and has served his sentence of 60 days in jail. On appeal, defendant contends, among other things, that the proof of guilt was legally insufficient and that the verdict was against the weight of the evidence.
The essential elements of the crime of attempted criminal contempt in the second degree, as charged herein, are that a lawful order of the court was in effect, that the defendant had knowledge of the order of protection, and that the defendant attempted to intentionally disobey it (see Matter of McCormick v Axelrod, 59 NY2d 574, 583 [1983]). At trial, a copy of the order of protection, which was in effect on the date of the conduct charged herein, was entered into evidence. The order of protection stated that it had been personally served upon defendant in court on February 26, 2015, and it contained defendant's signature, indicating that defendant was aware of the document. The order of protection provided, among other things, that defendant was to stay away from the home of the complainant's daughter. The prosecution established that defendant had been observed standing across the street from the complainant's daughter's [*2]residence on May 4, 2015, and the defense did not refute that showing. Unlike in People v Gonzalez (200 AD2d 759 [1994]), cited by the dissent, in which the defendant merely walked by the home of his daughter (the person protected by an order of protection) on the way to his own home and did not stop, here the testimony showed that defendant had remained across the street from the home of the complainant's daughter for a period of 10-15 minutes in violation of the order of protection. Thus, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that the evidence was legally sufficient, since there was a valid line of reasoning and permissible inferences from which a rational trier of fact could have determined that the elements of the charge had been proven beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349 [2007]). Moreover, upon a review of the record, we find that the guilty verdict was not against the weight of the evidence (see id.; People v Romero, 7 NY3d 633 [2006]; People v Edo, 132 AD3d 1011 [2015]). 
Defendant's remaining contentions are either unpreserved for our review or lack merit. 
Accordingly, the judgment of conviction is affirmed.
PESCE, P.J., and ELLIOT, J., concur.
WESTON, J., dissents and votes to reverse the judgment of conviction and dismiss the accusatory instrument in the following memorandum:
I disagree that the essential elements of the offense have been established at trial and find that defendant's mere presence in the vicinity of the home is insufficient to establish an intent to violate the order of protection. I vote to reverse the judgment of conviction and dismiss the accusatory instrument.
The order of protection herein provided that defendant stay away from the home of the complainant's daughter. Every element of the crime of attempted criminal contempt in the second degree must be established in order to sustain the conviction. In viewing the evidence in the light most favorable to the People (see People v McDonald, 287 AD2d 655 [2001]), without more, the evidence presented during the trial was legally insufficient to establish that defendant attempted to intentionally disobey the order of protection (see People v Gonzalez, 200 AD2d 759 [1994]).
"[T]he intent to commit a crime may be implied by the act itself, or it may be established by the defendant's conduct and the surrounding circumstances" (People v Stevens, 26 AD3d 396, 397 [2006]). Here, according to the testimony of a tenant in the building owned by the complainant, defendant was observed across the street, having a conversation with a neighbor. Defendant is a known handyman in the neighborhood. The tenant testified that defendant did not cross the street, walk in front of the building or make any gestures toward or attempt to enter the building (see People v Halper, 209 AD2d 637 [1994]). Further, the complainant testified that on the date defendant was observed, her daughter was actually living with her father a few blocks away. Finally, the defense witnesses testified that defendant's belongings were stored in the apartment across the street from where the complainant resided and he went to retrieve some of his belongings. Simply stated, on this record there is no evidence of any attempt to menace, threaten, intimidate or harass the complainant's daughter to justify the conviction (cf. People v Levi, 55 AD3d 625 [2008]; People v McDonald, 287 AD2d at 655, 656).
Accordingly, I do not find that the evidence was sufficient to establish defendant's guilt beyond a reasonable doubt, and I would reverse the judgment of conviction and dismiss the [*3]accusatory instrument.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 10, 2019